**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-cv-20457-JB/Torres**

RAFAEL PONS-PUIG,

Plaintiff,

v.

DIRECTOR, Texas Service Center,
U.S. Citizenship and Immigration Services,

Defendant.
_______________________________________/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**THIS CAUSE** was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, for a Report and Recommendation on Plaintiff and Defendant's cross-motions for summary judgment. ECF No. [19] (Plaintiff's Motion for Summary Judgment) and ECF No. [21] (Defendant's Motion for Summary Judgment), (together, the "Motions"). After due consideration of the administrative record and the Motions, including Plaintiff's Response, ECF No. [23], Defendant's Response, ECF No. [22], Plaintiff's Reply, ECF No. [25], and Defendant's Reply, ECF No. [24], and being otherwise fully advised on the matter, Magistrate Judge Torres filed a Report and Recommendation ("R&R"), recommending that the Motions be denied as moot, and that the Court dismiss this case for lack of subject matter jurisdiction. ECF No. [31]. Plaintiff filed objections to the R&R ("Plaintiff's Objections"), ECF No. [32], to which Defendants responded, ECF Nos. [33/34].

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiff's Objections, adopts Magistrate Judge Torres' recommendation that the Motions should be denied.

Indeed, the Court agrees with Magistrate Judge Torres' recommendation that this case be dismissed for lack of subject matter jurisdiction. The Eleventh Circuit bars this Court from engaging in the test applied when assessing "extraordinary ability" visa eligibility delineated in *Kazarian v. U.S. Citizenship and Immigration* Services, 596 F.3d 1115 (9th Cir. 2010). *Commandant v. Rinehart*, No. 20-23530-CIV, 2021 WL 422177, at *2 (S.D. Fla. Feb. 1, 2021) (citing *Patel v. United States Attorney General*, 971 F.3d 1258, 1272–73, 77 (11th Cir. 2020), *aff'd sub nom. Commandant v. Dist. Dir., Miami Dist. (S24), USCIS*, No. 21-10372, 2024 WL 3565390 (11th Cir. July 29, 2024). Plaintiff's case hinges on his attainment of his "extraordinary ability" visa status adjustment under Section 1255, which this Court is not empowered to review under the Eleventh Circuit's interpretation of the scope of Section 1252(a)(2)(B)(i). *See id.*; 28 U.S.C. §§ 1255, 1252(a)(2)(B)(i).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objections, ECF No. [32], are **OVERRULED**.

2. United States Magistrate Judge Torres' Report and Recommendation, ECF No. [31], is **AFFIRMED AND ADOPTED**.

3. Plaintiff's Motion for Summary Judgment, ECF No. [19], is **DENIED AS MOOT**.

4. Defendant's Motion for Summary Judgment, ECF No. [21], is **DENIED AS MOOT**.

5. This case is **DISMISSED WITHOUT PREJUDICE**.

6. All pending motions are **DENIED AS MOOT**.

7. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2025.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**